UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cr-00338-AGF |
| ) | |
| WILLIAM CLARETT, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S FIRST MOTION IN LIMINE
### EVIDENCE OF PREDISPOSITION

COMES NOW Defendant, by and through his undersigned counsel, and for and in support of his first motion in limine, states as follows:

1. Defendant has given the Government notice that he intends to rely on an entrapment defense, which is a complete defense to a criminal charge.

2. A valid entrapment defense has two related elements: (1) government inducement of the crime, and (2) the defendant's lack of predisposition to engage in the criminal conduct. Mathews v. United States, 485 U.S. 58, 63 (1988).

3. A district court "may refuse to submit an entrapment instruction when the defendant exhibited a disposition to engage in the criminal activity with which he was charged" because if predisposition exists, then there is not sufficient evidence from which a reasonable jury could find entrapment. United States v. Johnson, 892 F.2d 707, 710 (8th Cir. 1989). See also United States v. Neal, 990 F.2d 355, 358 (8th Cir. 1993)(If the defendant exhibits any predisposition to engage in the criminal conduct, the district court need not instruct the jury on entrapment. "If

predisposition exists, then there is not sufficient evidence from which a reasonable jury could find entrapment." Id. (citations omitted)).

4. A defendant who claims that he was entrapped opens himself to "an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue." Sorrells v. United States, 287 U.S. 435, 451 (1932).

5. At the time of occurrence of the facts alleged by the Government, the Defendant was incarcerated in St. Louis County pending trial on a Missouri state murder charge (to which the Defendant has pleaded not guilty, and on which Defendant is expected to go to trial later this year).

6. On information and belief, the Government may attempt to use the pending state murder charges to show pre-disposition to commit the instant crime.

7. Any attempt to use the pending murder charge to show pre-disposition would be inappropriate and violate Defendant's rights to Due Process as guaranteed under the 5th, 6th, and 14th Amendments to the United States Constitution. Defendant has pleaded not guilty to the state criminal allegations, there has been no adjudication in that matter, and Defendant is presumed under the law to be innocent until his guilt is proven beyond a reasonable doubt.

8. Similarly, the Defendant asks the Court to limit any other pre-disposition evidence to those matters which are directly relevant to the crime charged. The Government should not be allowed to utilize the pre-disposition inquiry as an open invitation to introduce bad character evidence which is otherwise irrelevant to the question of the Defendant's predisposition to commit the crime

charged in the federal indictment. Evidence that's prejudicial harm outweighs it probative value must be excluded from trial.

WHEREAS, for all of the reasons set forth herein, and as further elaborated on at any hearing in this matter, the Government should be prohibited from stating or drawing any inference that the Defendant had a pre-disposition to commit the instant offense because of his pending state charges; appropriately limit any other pre-disposition evidence; and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P.

By: _____
Talmage E. Newton IV, MO56647
tnewton@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
(314) 265-8198 – Mobile

Attorney for Defendant

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served upon all parties via the Court's Electronic Filing service on the 20th day of March, 2017.

_____