UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cr-00338-AGF |
| ) | |
| WILLIAM CLARETT, ) | |
| ) | |
| Defendants. ) | |

### MOTION TO RECONSIDER LIMINE RULING
### ADMISSIBILITY OF EVIDENCE IN STATE MURDER CASE

COMES NOW Defendant, by and through his undersigned counsel, and for and in support of his motion to reconsider a limine ruling of the Court, states as follows:

1.  At the pre-trial conference in this matter the Government moved the Court in limine to prevent the Defendant from eliciting or presenting evidence from the State court murder case. The Court agreed with the Government's position that such evidence would be irrelevant. Defendant is currently prohibited from examining or cross-examining witness regarding the facts or investigation of the underlying murder.

2.  The Government on the other hand is expected to elicit evidence from the Assistant Prosecuting Attorney on the underlying murder that: (a) S.W. witnessed the murder; (b) that S.W. identified the Defendant as the shooter in that murder; (c) that the told police that defendant was the shooter; (d) that she

identified S.W. in a 6-pack photo line-up; (e) that she testified to the grand jury about this; and (e) that the grand jury indicted Clarett.

3. The Federal jury will now be presented cumulative evidence which is self-bolstering: i.e., not only did S.W. identify Clarett as the shooter, here are all of these independent things that establish her as credible. Contrariwise, Defendant will not get to challenge her identification, present evidence of her bias, or present evidence clearing him of the murder. The jury will just be left with a body of uncontested and unchallenged evidence implicating the Defendant in the murder, which will establish in the jury's mind an insurmountable bias that he is somehow guilty of the state murder; which will unfairly prejudice him in this case.

4. Additionally, Defendant has asserted his intention to assert an entrapment defense. As the Court is aware, "pre-disposition" is an element of that defense. While the government, in response to Defendant's first motion in limine, asserted that it did not intend to attempt to equate the existence of the state court murder case with the element of pre-disposition, the risk of the jury making such a connection exists. Defendant should be allowed to demonstrate to the jury the weaknesses of the underlying murder case against him, thereby buttressing his lack of involvement in the state murder. This will further ensure that the jury does not equate his status as a defendant in the state case with the element of pre-disposition.

5.   In the absence of such context, the jury might equate the fact that Defendant is standing trial for murder in state court, to pre-disposition in this case – which would be an unallowable result.

6.   Federal Rules of Evidence 401 provides that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

7.   Evidence from the underlying murder is relevant to defeat the inference which will be created by A.P.A. Denny testifying cumulatively about S.W. and "what she did which led to Clarett's indictment", as well as defeating any correlecation the jury might draw between the State murder and the issue of predisposition.

WHEREFORE, for all of the reasons set forth herein, and as further elaborated on at any hearing in this matter, Defendant requests leave to examine witnesses and present evidence on the underlying murder case.

Respectfully submitted,

NEWTON BARTH, L.L.P.

By: _____
Talmage E. Newton IV, MO56647
tnewton@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
(314) 265-8198 – Mobile

Attorney for Defendant

<u>Certificate of Service</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served upon all parties via the Court's Electronic Filing service on the 27th day of March, 2017.

_____