IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cr-00338-AGF |
| ) | |
| WILLIAM CLARETT, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR A COURT ORDER COMPELLING THE GOVERNMENT TO PRODUCE A.T.F. SPECIAL AGENT MICHAEL HUNGRIA TO TESTIFY AT TRIAL, OR IN THE ALTERNATIVE, MOTION TO STRIKE WITNESSES & EVIDENCE**[1]

COMES NOW Defendant, by and through his undersigned counsel, and for and in support of his motion to compel the testimony of Agent Hungria, or in the alternative to strike witnesses and evidence, states as follows:

■ **Introduction**

1. Defense counsel informed the United States that he desired to cross-examine ATF Special Agent Michael Hungria, who was the lead case agent for the

---

[1] Defense counsel acknowledges that this motion is not ripe for adjudication until he has completed the *Touhy* procedures (which are currently in process), and until the Government has given notice that it will not present Agent Hungria. Counsel was directed to file this motion at the first possible opportunity, which is now. Counsel requests leave to supplement this motion as facts and circumstances may dictate.

Government's investigation and prepared the A.T.F. investigative reports in this matter.

    2.    This case agent is an essential witness to the defenses to be offered at trial. The defense expects that Agent Hungria will have information regarding:

    a. The Government's investigation in general into the criminal allegations asserted against the defendant;

    b. the allegations of and the communication with the C.I. who initiated this case;

    c. The Government's engagement and instructions to the undercover police officer who set up this series of events;

    d. The completeness and accuracy of the reports generated by the Government in this case;

    e. Interviews with material witnesses and expected trial witnesses Derek Petty, Jordan Exum, and Barbariel Jones.

    f. Interim reports from both the C.I. and the U.C. regarding the course and development of the investigation;

It is further expected that the testimony of ATF Special Agent Michael Hungria could contradict (or potentially confirm) the testimony of other expected trial witnesses, including: D.P., B.J., and Det. Exum.

    3.    Counsel was informed by the Government that Agent Hungria would not be called to testify by the Government and that the Government would not voluntarily produce him.

4.     Counsel was advised that if he wanted to obtain the testimony of this Government witness he could utilize the *Touhy* process.

■ Touhy & The Touhy Process

5.     What is "*Touhy*?" At the dawn of this nation's tripartite government, Congress created a "housekeeping" statute, now codified at 5 U.S.C. § 301, to allow for the effective delegation of authority and efficient maintenance of the newly centralized government. While not the original intent of Congress, government department heads have interpreted this statute to create a confidentiality privilege. See William Bradley Russell Jr., A Convenient Blanket of Secrecy: The Oft - Cited But Nonexistent Housekeeping Privilege, 14 Wm. & Mary Bill Rts. J. 745 (2005).

6.     The U.S. Attorney's position on this matter can be found in the U.S. Attorney Manual, §1-6.000 - DOJ Personnel As Witnesses, which cites Subpart B of Part 16 of Title 28, Code of Federal Regulations, as amended by Attorney General Order No. 919-80, effective December 4, 1980, published at 45 Fed. Reg. 83,210 (1980), and which provides in pertinent part that: "no present or former employee of the Department of Justice may testify or produce Departmental records in response to subpoenas or demands of courts or other authorities issued in any state or federal proceeding without obtaining prior approval by an appropriate Department official." See also *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *South Dakota v. Wilson*, 2007 U.S. Dist. LEXIS 51764 (S.D. 2007).

7.     It is the Government's position that this process is "simply…intended to provide a procedure whereby the Department will have the opportunity to protect

certain types of information from unwarranted and unconsidered disclosure." U.S.A.M. §

8. When the United States is a party to litigation, as is the case here, defendant will be required to send a subpoena to the ATF agent, who will then notify the U.S. Attorney's Office for the Eastern District of Missouri. See U.S.A.M. at §1-6.310.

9. The U.S. Attorney may then request an affidavit clarifying what the requested testimony from that agent will be (an appalling invasion of the work product doctrine and defense trial strategy). See U.S.A.M. at §1-6.320.

10. Agent Hungria has been served with a subpoena and accompanying affidavit.

11. The U.S. Attorney and the ATF will now consult with each other and decide whether to comply with the demand. See 28 C.F.R. 16.24(a); U.S.A.M. §§1-6.330, 6.350.

12. Of course, the Government may decide in the sole opinion that the evidence sought by the defense is irrelevant or otherwise not admissible, and then decline disclosure. U.S.A.M. §§1-6.360, 6.380: "A United States Attorney may decline to authorize disclosure of information sought through a demand and may defend that decision by, for example, filing a motion to quash, without seeking higher-level approval."

- **If the U.S. Attorney declines to produce the witness, the Court should order the Government to produce the witness.**

13. In the event the local Office of the U.S. Attorney declines to produce the witness, the District Court may order such production (see U.S.A.M. §1-6.380), although, "If a federal court issues a final order requiring production…the Deputy Attorney General or the Associate Attorney General is authorized to determine whether to issue a final denial, which may constitute a decision not to comply with a final court order requiring disclosure." See USAM 1-6.400 for a full discussion.

- **If after a court order mandating production of the witness is refused by the United States Department of Justice, the court should strike any evidence impacted by the Government's refusal to produce the witness.**

14. In the event the Government refuses to produce Agent Hungria, it will represent a violation of the Defendant's right to compulsory process in criminal cases, deny him Due Process of Law, and unfairly limit his ability to present evidence and test the Government's case. The Defendant will be denied access to an essential witness whose testimony is expected to contradict and supplement other witnesses expected to be presented by the Government. This maneuver will allow the Government to limit evidence which contradicts or supplements that presented by their other witnesses.

15. If the Defendant is denied access to this essential witness, the Court should exercise its authority and discretion and limit the production of evidence by the Government to account for the clear prejudice to be suffered by the Defendant.

16.     Federal Rule of Evidence 403 affords district courts the discretion to exclude evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

17.     The district court has broad discretion in determining whether to admit or exclude evidence at trial. Cummings v. Malone, 995 F.2d 817, 823 (8th Cir. 1993); King v. Ahrens, 16 F.3d 265, 268, 1994 U.S. App. LEXIS 1999, *6 (8th Cir. Ark. 1994).

18.     While their testimony is no doubt facially relevant to the charges, to balance the prejudice created by the absence of Agent Hungira, the Court should strike the testimony of the Government witnesses about whom Agent Hungria could testify: specifically Det. Exum, D.P., and B.J. Otherwise, what probative value such testimony might have would be outweighed by the danger of unfair prejudice, confusion, and misleading the jury through an improperly curated presentation of facts.

19.     Alternatively, the Court should give a negative inference instruction to the jury that the failure to call Agent Hungria by the Government can be inferred to mean he would contradict the testimony of the testimony of the Government's other witnesses.

WHEREFORE, for all of the reasons set forth herein, and as further elaborated on at any hearing in this matter, Defendant requests that in the event the Government declines to produce A.T.F. Agent Michael Hungria, the Court:

a.) Order the Government to provide the court with a copy of the written denial of the Government to determine at what level the request was denied;

b.) If the denial was made at a local level, enter an order compelling the production of A.T.F. Special Agent Hungria;

c.) Or, if it becomes apparent that the denial came from the Department of Justice and the United States will not produce A.T.F. Agent Hungria for trial:

   a. strike the testimony of any witness the defense is now denied the ability to rebut the testimony of through Agent Hungria: including but not limited to: D.P., Det. J. Exum, and B.J., and disallow any reference by the Government to a federal investigation, or any evidence obtained therefrom; and / or

   b. grant an inference instruction that the failure to call Agent Hungria by the Government can be inferred to mean he would contradict the testimony of the Government's other witnesses.

and for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P.

By: _____
Talmage E. Newton IV, MO56647
tnewton@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
(314) 265-8198 – Mobile

Attorney for Defendant

<u>**Certificate of Service**</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed and served upon all parties via the Court's Electronic Filing service on the 10th day of April, 2017.

_____