UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| V. | ) No. 4:16-CR-00338 AGF ) |
| WILLIAM CLARETT, a/k/a "Chucky," | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT CLARETT'S MOTION TO COMPEL PRODUCTION OF WITNESS**

COMES NOW the United States of America, by and through its Attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Sirena Miller Wissler, Assistant United States Attorney for said District, and responds to Defendant's Clarett's Motion to Compel Production of ATF Special Agent Michael Hungria or in the Alternative, to Strike Witnesses and Evidence. For its response, the government states as follows:

**ARGUMENT**

**I.  CLARETT'S ASSERTION THAT HE IS ENTITLED TO CROSS-EXAMINE SA HUNGRIA IS WITHOUT MERIT**

Defendant William Clarett ("Clarett") urges the Court to order the government to produce Special Agent Michael Hungria of the Bureau of Alcohol, Tobacco, Firearms, and Explosives as a trial witness.  It also appears as though Clarett is not content to call Hungria as his own witness; rather, he wishes to "cross-examine ATF Special Agent Michael Hungria." (Defendant's Motion to Compel, p. 1).  Clarett cites to no authority for the proposition that he is entitled to the testimony of any witness in the government's case-in-chief, and indeed there is none.  See, Kornhardt v. United States, No. 4:13-CV-214 CAS, 2016 WL 898881, at *8 (E.D.

1

Mo. Mar. 9, 2016), reconsideration denied, No. 4:13-CV-214 CAS, 2016 WL 3184496 (E.D. Mo. June 8, 2016) ("There is absolutely no requirement, constitutional or otherwise, that compels a prosecutor to call a witness in its case-in-chief, and movant has cited no authority otherwise.")  Clarett similarly offers no support for the proposition that the Court has authority to compel the government to call any specific witness in its case-in-chief. See, Old Chief v. United States, 519 U.S. 172, 186, 117 S. Ct. 644, 653, 136 L. Ed. 2d 574 (1997) (Supreme Court recognizes "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice").  The government submits that Clarett's assertion that the Court may compel the government to call SA Hungria in its case-in-chief, solely for the purpose of allowing Clarett to cross-examine him, is without merit.

> **II. CLARETT'S MOTION TO COMPEL IS NOT RIPE AND IS ENTIRELY BASED UPON SPECULATION**

Clarett readily acknowledges that he is not entitled to the attendance of SA Hungria as a trial witness unless and until he complies with the so-called "Touhy Regulations."  He further acknowledges that the process is ongoing, and he has yet to receive a response from either the Bureau of Alcohol, Tobacco, Firearms, and Explosives or the United States Attorney's Office.  As a result, he couches his motion to compel in hypotheticals, requesting that he be afforded relief "[i]n the event that" or "if" his request that SA Hungria testify is denied.  In the government's view, this issue is not ripe for this Court's consideration.  "The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention.  A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Parrish v. Dayton, 761 F.3d 873, 875–76 (8th Cir. 2014)(internal citations and quotations omitted).  In the instant case, Clarett's motion to compel is entirely predicated upon his concern that his efforts to obtain SA Hungria's

testimony by subpoena will be denied.  The denial of the subpoena request – which may not occur at all – is precisely the type of contingent future event that renders this issue unripe for review.  Clarett himself appears to concede as much. (Defendant's Motion to Compel, p. 1).

Aside from the fact that Clarett has not yet received a response to his request to utilize SA Hungria as a witness, his suggestion that SA Hungria's testimony will be necessary to rebut the testimony of other government witnesses is entirely speculative.  Clarett asserts that if he is denied the opportunity to examine SA Hungria at trial, he is entitled to a "negative inference instruction to the jury that failure to call Agent Hungria by the Government can be inferred to mean he would contradict the testimony of the testimony [sic] of the Government's other witnesses." (Defendant's Motion to Compel, p. 6).   Clarett offers no support whatsoever for this assertion, and no factual basis upon which this Court could conclude that such an instruction would be reasonable or appropriate.

As an alternative to compelling SA Hungria's testimony, Clarett suggests that this Court should instead strike the testimony of other government witnesses.  Clarett's entire argument in this regard is based upon his belief that SA Hungria would provide testimony that is impeaching as to some other government witness.  He neglects to acknowledge that it is entirely possible (and the government submits, likely) that SA Hungria's testimony would *bolster* the testimony of other government witnesses, no doubt leading to a defense objection that his testimony would be "cumulative" or "self-bolstering," both of which are claims that Clarett has made in connection with other anticipated evidence in this case.  Assuming, *arguendo*, that SA Hungria's testimony would be *consistent* with other government witnesses, there is no basis upon which this Court could issue a ruling striking the testimony of any other government witness.  In addition, Clarett fails to allow for the possibility that any necessary impeachment of any government witness

3

could be accomplished by cross-examination of that witness, obviating the need for SA Hungria to testify at all. In short, unless and until Clarett can establish that he SA Hungria's testimony is necessary in some material respect, his motion to compel and his motion to strike the testimony of other government witnesses should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that defendant Clarett's motion to compel, or in the alternative, to strike witness testimony, be denied.

    Respectfully submitted,

    CARRIE CONSTANTIN
    Acting United States Attorney
    Eastern District of Missouri

    */s/ Sirena Miller Wissler*
    SIRENA MILLER WISSLER  #55374MO
    Assistant United States Attorney
    111 South 10th Street, Rm. 20.333
    St. Louis, Missouri  63102
    314-539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2017, I caused a true and correct copy of the foregoing Response to Defendant Clarett's Motion to Reconsider to be filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon Talmage Newton, attorney for defendant William Clarett.

    /s/ Sirena Miller Wissler
    Sirena Miller Wissler
    Assistant United States Attorney